# COURT MINUTES OF FINAL PRE-TRIAL CONFERENCE

UNITED STATES of AMERICA,

v.                                                                CASE NO. 21-CR-57-JPS

JOVANTE CHAMPION.

## HON. J. P. STADTMUELLER PRESIDING

| | |
|---|---|
| DATE: July 6, 2022 | TIME SCHEDULED: 8:30 a.m. |
| COURT DEPUTY/CLERK: Caitlin Willenbrink | TIME CALLED: 8:26 a.m. |
| COURT REPORTER: Jennifer Stake | TIME FINISHED: 9:14 a.m. |

GOVERNMENT BY: Erica Lounsberry, Katherine Halopka-Ivery

DEFENDANT BY: Jeffrey Jensen

Notes:

- 8:26: Appearances; counsel for the parties appear in person; Defendant appears in person
- 8:27: Court notes it has requested parties to make record of plea negotiations, to ensure that Defendant has elected to go to trial after full consideration of potential sentences under the sentencing guidelines, including statutory mandatory minimum sentences, as well as potential reductions for acceptance of responsibility credit and potential enhancements for obstruction of justice should the defendant choose to testify and do so perjuriously; Court notes the Government has provided, in a sealed filing, the entire record of negotiations with Defendant; Court instructs Defense counsel to review the Government's letter's contents with Defendant, and to have Defendant initial each page of the letter and sign the final page of the letter to indicate he has acknowledged its contents and elected to proceed to trial; Court will stand in recess to allow time for Defendant to review the letter with Defense counsel
- 8:36: Court stands in recess
- 8:44: Court reconvenes
- 8:44: Courts asks Defendant whether he has had sufficient opportunity to review the Government's letter; Defendant responds he has; Court asks defendant whether he has any questions; Defendant responds he does not; Court instructs Defense counsel to present the letter to

| | |
|---|---|
| | Defendant for his signature, affirming that the letter represents the entirety of plea negotiations; Defense counsel does so; Defendant signs |
| 8:47: | Court instructs clerk to file signed copy of letter under seal |
| 8:47: | Court notes trial is scheduled to begin Monday, July 11, 2022 at 8:30 AM in Courtroom 425; Court explains process for jury selection, exercising peremptory strikes, and selection of alternate jurors |
| 8:51: | Court explains voir dire process |
| 8:52: | Court explains it will deliver preliminary jury instructions while parties are exercising their peremptory strikes; jury will then be paneled and seated, and opening arguments will begin |
| 8:52: | Court explains opening statement timing and process |
| 8:53: | Court explains closing statements timing and process; no new arguments are permitted in rebuttal |
| 8:53: | Court notes that, generally, admitted exhibits are made available to the jury during deliberation |
| 8:54: | Court instructs parties to contact Eric Riedijk with any technology-related questions at 414-297-1210; Court notes times when the courtroom is available for testing presentation technology |
| 8:55: | Court notes jurors will be permitted to take notes during trial |
| 8:55: | Court notes timeline: trial will begin at 8:30 each day; 15-minute break at 10:30-10:45; in session from 10:45 to 12:45; 45-minute lunch break at 12:45; back in session at 1:30; 15-minute break at 3:30 to 3:45; back in session from 3:45 to 5:45 |
| 8:56: | Court explains it will deliver jury instructions before closing arguments; jury will have a hard copy of the instructions to follow along with as Court delivers them, and to take with them into the jury room to consult during deliberation |
| 8:57: | Court explains process for questioning witnesses |
| 8:57: | Court explains that witnesses should have exhibits before them (either hard copy, physical object, or electronically) before they are sworn in, since counsel cannot approach witnesses; Court explains courtroom technology as to exhibits; reminds parties to contact Mr. Riedijk with questions |
| 8:59: | Court notes that no rooms are available for sequestration of witnesses; if witnesses are to be sequestered, they should wait outside the courtroom; counsel should coordinate to ensure proper sequestration |
| 9:00: | Defense counsel inquires whether there is an order of witnesses during trial; Defense counsel moves to exclude witnesses during trial; Court grants the request, with exception of the government agent, who may be seated at counsel table; all other witnesses are to be sequestered and may not discuss testimony during trial; after they are excused, witnesses may discuss testimony with anyone except other witnesses |
| 9:01: | Government clarifies whether witnesses may watch further proceedings after they are excused; Court says they may |
| 9:01: | Court addresses motions in limine; Court notes Government's omnibus motion in limine is essentially a non sequitur, since it mostly covers the agreements of the parties; Court notes that |

| | |
|---|---|
| | parties may reduce such agreements to writing for their own files, but these agreements need not be part of the record |
| 9:03: | Court denies as moot the motion in limine, ECF No. 43; Court requests that Government file a motion to seal the document. |
| 9:03: | Court states that the additional motion in limine, ECF No. 45, will be addressed during trial at the time the witness is called to testify, but notes the motion will likely be granted |
| 9:04: | Court asks whether there are further requests with regard to jury instructions; Government has none; Defense has none at this time |
| 9:05: | Court states that draft jury instructions and draft verdict form will be available late Thursday afternoon or Friday morning; Court will conduct a jury instruction conference at the conclusion of evidence; in the interim, counsel should review the draft instructions and prepare questions or clarifications for conference |
| 9:06: | Court notes that once case is submitted to jury, jury may decide how long to deliberate, including whether to continue into the evening or the next morning |
| 9:06: | Court notes that masks are optional in Courtroom 425 and the federal building; jurors will be notified as part of their orientation that they must remove masks for voir dire questioning, but otherwise may wear masks if they desire |
| 9:07: | Court asks Government if there are further matters it wishes the Court to consider |
| 9:08: | Government asks for pretrial ruling concerning specific evidentiary issue; Defense counsel states objection; Court comments on issue; issue will be more fully evaluated at trial for relevance; Defense counsel clarifies whether he should raise objections individually; court clarifies that Defense counsel should do so, and they will likely be addressed in a sidebar |
| 9:11: | Court asks Government if anything further |
| 9:11: | Government notes it has corrected some typographical errors on exhibits and has provided new copies for the Court; Court instructs to provide a copy for court reporter as well; Government does so |
| 9:12: | Court asks Defense counsel if anything further; Defense counsel has nothing further. |
| 9:12: | Court asks Defense counsel whether he has any concerns about voir dire or jury selection; Defense counsel says no |
| 9:14: | Court asks Defendant if he has any further questions |
| 9:14: | Defendant states he has no further questions |
| 9:14: | Court stands in recess |